IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

BRADLEY D. STEVENS and MARLO R. STEVENS,

    Plaintiffs,                                                   ORDER

    v.                                                            15-cv-762-wmc

WISCONSIN CVS PHARMACY, LLC,

    Defendant.
_____

Before the court is plaintiffs' petition for approval and distribution of minor settlement proceeds. (Dkt. #20.) As set forth in the petition, plaintiffs -- husband and wife, Bradley D. Stevens and Marlo R. Stevens, and their two minor children J.S. and B.S. -- have agreed to a global settlement of this matter with defendant Wisconsin CVS Pharmacy, LLC. Because the settlement includes distributions to each of the minor daughters for their sole benefit, proposes placing the allocated funds in an investment vehicle, and describes a future payment plan (*id.* at ¶¶ 13-14), this court is being asked to find the settlement with respect to the minor plaintiffs reasonable and in their best interests.

The court agrees with plaintiffs that it need not appoint a separate guardian ad litem in light of the fact that J.S. and B.S. are represented by the same counsel as their parents. *See* Wis. Stat. § 803.01(3)(b)(3) (requiring appointment of guardian ad litem "[i]f a compromise or settlement of an action or proceeding to which an *unrepresented* minor. . . is a party is proposed" (emphasis added)). Moreover, Wis. Stat. § 807.10 provides that: "A compromise or settlement of an action or proceeding to which a minor

. . . is a party may be made by the guardian, if the guardian is represented by an attorney." Here, the petition for settlement is made by Bradley and Marlo Stevens as the natural guardians of J.S. and B.S., and Bradley and Marlo Stevens are both represented by an attorney.

Even so, the court has no context to judge the reasonableness of the settlement for the minor children, although also no reason to doubt it. In addition, the court has reservations about locking in the children's distributions into a structured settlement annuity that is particularly vulnerable to inflationary effects, which seem increasingly likely, although understanding that it may represent a cost-effective and stable method for ensuring cash distributions to the minor children into the future. Accordingly, the court will need to hold a short, telephonic hearing with counsel for both sides and plaintiffs Bradley and Marlo Stevens to address its concerns at a date and time convenient for all. Plaintiffs' counsel shall initiate the conference call to the court.

Entered this 15th day of December, 2016.

                                            BY THE COURT:

                                            /s/

                                            _____
                                            WILLIAM M. CONLEY
                                            District Judge